J. J. McWILLIAMS, A. L. SMITH AND H. A. PHELPS v. THE GREAT SPIRIT SPRINGS COMPANY.

No. 268.

1. TAX DEED — *Description of Land — Proof of Custom, Incompetent.* It is not competent, to sustain a tax deed founded upon an incomplete description of the land thereby sought to be conveyed, to prove that a custom had prevailed for many years in that county to enter lands upon the books of the county for taxing purposes in the same manner as was done in this case.

2. ——— *Evidence — Expert Testimony.* Neither is it proper in such a case to admit the evidence of an expert attorney and ab-

McWilliams v. Springs Co.

stracter to show that the description of the land in controversy contained in the various tax books and proceedings described the same land as that described in the tax deed.

3. ——— *Tax-roll—Number of Acres.* The number of acres appearing upon the tax-roll is a part of the description of the land taxed, and where the law requires that the land shall be described in the delinquent tax-list and in the redemption list "as the same are described on the tax-roll," the omission to state the number of acres in such lists is such an irregularity as will defeat the tax deed founded thereon, when the same is directly attacked before the statute of limitations has run.

Error from Mitchell district court; CYRUS HEREN, judge. Opinion filed March 5, 1898. Affirmed.

THIS action was brought in the court below by the defendant in error as plaintiff, against the plaintiff in error and other parties, to recover possession of certain real estate in Mitchell county, as described in the plaintiff's petition, and was in fact an action brought by the original owner of the land in question to test the validity of a tax deed thereon. The court below adjudged the tax deed invalid, for the reason, (1) that the description of the land appearing in the sale notice, the notice of redemption and the delinquent notice and upon the tax-roll is indefinite and uncertain; (2) that the tax charged against the land and for which it was sold was excessive and illegal; and rendered judgment accordingly. To reverse this, the plaintiffs in error bring the case here for review.

*A. H. Ellis*, and *F. T. Burnham*, for plaintiffs in error.

*Gleed, Ware & Gleed*, and *C. H. Hawkins*, for defendant in error.

The opinion of the court was delivered by

WELLS, J. : While there are five allegations of error assigned by the plaintiffs in error, only the first two

require consideration, as all the other supposed errors are based upon these.

*First,* the refusal of the court to admit competent and relevant evidence offered by them ; and, *second,* error in its conclusions of law. The defendants below offered to prove that a custom had prevailed for many years in Mitchell county to enter lands on the books of the county for taxing purposes in the same manner as was done in this case. This was properly overruled, as no custom in Mitchell county can change or vary the requirements of the law.

The other offer was that of an expert attorney and abstracter, to show that the description of the land in controversy contained in the various tax books and proceedings described the same land as that described in the tax deed. This was properly refused. It seems to us clear that a description of a piece of land with ordinary and reasonable certainty is not that kind of a description that would require the service of an expert to tell what it means.

Did the court err in its conclusion of law? Assuming that the number of the township and range appearing at the top of the column should be read with each description following until a change is indicated, the description of this land on the tax-roll would be as follows : "All N. W. N. of river, S. 31, T. 6, R. 9 No. of acres 20." The law provides that the delinquent tax-list and the redemption list shall describe the land "as the same are described on the tax-roll." Tiedeman on Real Property, § 830, says :

"A full and complete description gives monuments, corners, and distances, and the quantity of land conveyed. The relative value of them, in determining the boundaries, is in the order given."

The number of acres is not given in either the de-

Cloud County v. Morgan.

linquent or redemption list, and in this respect the description is not the same as on the tax-roll, and although the number of acres is not the most valuable element of a description of real estate, yet it is a part of the description as it appears on the tax-roll, and its omission is such an irregularity as to render a tax deed based thereon voidable when directly attacked, as in this case, before any statute of limitation has run thereon.

There are several other reasons assigned and urged why the deed is voidable, but as the one discussed is sufficient to sustain the judgment of the court below we shall not at this time consider them.

The judgment of the court below is affirmed.